# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | | | |
|---|---|---|---|
| LESTER HAYNES JR., | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 2:24-CV-155-CRW |
| | ) | | |
| LT. DAVIS, and CORP. KOLONIS, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM & ORDER

Plaintiff, a prisoner, has filed a pro se complaint in this action alleging that Defendants Davis and Kolonis violated 42 U.S.C. 1983 when they shot at him while his back was turned. [Doc. 7 p. 3–5]. Plaintiff presently has two motions pending before the Court: (1) a second motion to amend his complaint, in which Plaintiff sets forth numerous factual allegations and two requests for relief [Doc. 47], and to which he attached a proposed amended complaint [Doc. 47-1]; and (2) a motion to appoint counsel [Doc. 48]. For the reasons set forth below, Plaintiff's motion to amend his complaint [Doc. 47] is **GRANTED**. The Clerk is **DIRECTED** to file the motion [Doc. 47] and the proposed amended complaint [Doc. 47-1] together, which the Court will consider collectively as an amended complaint. The Court will in turn screen the amended complaint below. As to Plaintiff's motion to appoint counsel [Doc. 48], for the reasons set forth below, it is **DENIED**.

## I. MOTION TO AMEND COMPLAINT

In his motion to amend his complaint, Plaintiff seeks to: (1) add Mary Conner as a defendant in this action, asserting that she also fired rounds at him while his back was turned in the incident underlying his complaint; (2) add allegations regarding his injuries and the actions of Defendants Davis and Kolonis in the incident underlying his complaint; (3) add Sheriff Jeff Cassidy as a

Defendant herein based on allegations that the Sheriff failed to properly train officers and because he contends that, as the "highest in command", the Sheriff should be held responsible for the gate being left open that separates the day room from the sleeping areas which he asserts permitted the attack on him; and (4) add a request for damages and a request for the charges against him to be dropped. [Doc. 47 p. 1–4]. With this motion, Plaintiff filed a proposed amended complaint that does not add Mary Conner or Sheriff Cassidy as Defendants or contain allegations against them. [Doc. 47-1].

In their response in opposition to Plaintiff's motion to amend his complaint, Defendants point out that Plaintiff could have included Sheriff Cassidy as a Defendant when he filed his original complaint or when he previously sought to amend his complaint but did not do so and does not provide any reason he did not do so. [Doc. 50 p. 2–3]. Defendants further note that in his motion to amend his complaint, Plaintiff states that he learned Mary Conner fired rounds in the incident underlying his complaint when Defendants filed their answer to his complaint, which occurred about five months prior to Plaintiff filing his motion. [*Id.* at 3]. Plaintiff filed a reply, in which he asserts that he is seeking to amend his original complaint because he learned new information when Defendants filed their answer, and argues that his request to amend should not be time-barred. [Doc. 51].

Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff to amend his or her complaint without leave of court or the opposing party's written consent within twenty-one (21) days after serving it, or within twenty-one (21) days after a responsive pleading has been served. Fed. R. Civ. P. 15(a)(1)-(2). Otherwise, a plaintiff must have the opposing party's written consent or leave of the court to amend the complaint, and courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether to allow

2

Case 2:24-cv-00155-CRW    Document 54    Filed 07/22/25    Page 2 of 7    PageID #: 245

proposed amendments, courts consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Based on its review of the parties' filings and the record, the Court finds that, especially given Plaintiff's pro se status, Plaintiff did not unduly delay in seeking to amend his complaint. The Court further finds that Defendants will not be unduly prejudiced by Plaintiff being permitted to amend his complaint. The Court further notes that Plaintiff has not "repeatedly" failed to cure deficiencies through prior amendment. Given these findings, the Court determines that Plaintiff must be permitted to amend his complaint. The Court will now undertake the screening of Plaintiff's amended complaint.

## II.     AMENDED COMPLAINT SCREENING

### A.     Standard

Courts must screen prisoner complaints and dismiss claims that are frivolous or malicious, fail to state a claim for relief, or which are asserted against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim [at screening] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review, a prisoner complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

3

Case 2:24-cv-00155-CRW     Document 54     Filed 07/22/25     Page 3 of 7     PageID #: 246

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). To assert a colorable claim for relief under 42 U.S.C. § 1983, a plaintiff must establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B.     Analysis**

First, the Court finds that Plaintiff's motion and amended complaint [Docs. 47, 47-1] adequately assert claims that Defendants Davis, Kolonis, and Conner, while acting under color of state law, subjected him to excessive force. However, for the reasons set forth below, (1) Plaintiff's amended complaint filings [*Id.*] fail state a plausible claim for relief under § 1983 against Defendant Sheriff Cassidy; and (2) Plaintiff's request for relief in the form of having the criminal charges against him dropped is not cognizable under § 1983. As such, this action will only proceed as to Plaintiff's request for monetary damages based on his excessive force claim against Defendants Davis, Kolonis, and Conner.

**1.     Sheriff Cassidy**

In considering Plaintiff's allegations against Defendant Sheriff Cassidy, the Court first observes that Plaintiff's contention that the Sheriff failed to properly train officers is conclusory. Plaintiff provides no factual support for this allegation. As such, Plaintiff has failed to set forth a plausible § 1983 claim on this basis. *Sawyer v. Boone Cnty.*, No. 2:22-CV-00071-GFVT, 2024 WL 4860828, at *9 (E.D. Ky. Nov. 21, 2024) (finding that the plaintiff's "conclusory allegation

that the identified defendants 'refused to adequately train or supervise' any of their subordinates fail[ed] to state a claim") (citations omitted).

Moreover, while Plaintiff also seeks to hold Defendant Sheriff Cassidy liable for a gate being open at the time of the incident underlying the complaint, he fails to provide any facts from which the Court can infer that the Sheriff was personally involved in leaving the gate open, had knowledge that the gate was open, or had any responsibility for ensuring that the gate was closed. To the contrary, Plaintiff makes it clear that he seeks to hold the Sheriff liable for this occurrence because he is "highest in command". However, the Sheriff cannot be liable under § 1983 based solely on his supervisory position. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *Iqbal*, 556 U.S. at 676 (noting that "our precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior"). Accordingly, the amended complaint does not provide a basis under the law for liability against Defendant Sheriff Cassidy, and for that reason, Plaintiff's claims against him are **DISMISSED**.

### 2. Plaintiff's Request for Dismissal of Charges

As part of the relief he seeks, Plaintiff asks that the Court order that the underlying criminal charges against him be dismissed. This relief is not cognizable under § 1983. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (providing that the "sole federal remedy" for a prisoner seeking immediate or speedier release is a writ of habeas corpus). Accordingly, this request for relief must be **DENIED**.

5

### III. APPOINTMENT OF COUNSEL

In his motion to appoint counsel, Plaintiff states that he seeks appointment of counsel because he is indigent, is not a lawyer, and has no legal experience [Doc. 48 p. 1]. Appointment of counsel in a civil proceeding is not a constitutional right, but a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F. 2d 601, 605–06 (6th Cir. 1993). A court has discretion to determine whether to appoint counsel for an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). In exercising that discretion, the court is to consider the nature of the case, whether the issues are legally or factually complex, and the plaintiff's ability to present his claims. *Lavado*, 992 F.2d at 605–06.

As to the first two factors, this action is only proceeding as to Plaintiff's claim that Defendants Kolonis, Davis, and Conner used excessive force against him, which is not factually or legally complex. As to the third factor, it is apparent from his filings that Plaintiff can adequately present his claims. Also, Plaintiff's allegations regarding his indigency and lack of legal experience are common for prisoner plaintiffs. While the Court acknowledges the difficulty that all pro se plaintiffs face in presenting their cases to a court, in this matter Plaintiff has not established that this is such an exceptional case that he is entitled to appointment of counsel. As such, his motion to appoint counsel [*Id.*] is **DENIED**.

### IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion to amend his complaint [Doc. 47] is **GRANTED**. The Clerk is **DIRECTED** to file Plaintiff's motion to amend and the proposed amended complaint [Doc. 47-1] together as an amended complaint;

2. This action will proceed only as to Plaintiff's request for monetary damages based on his claim that Defendants Davis, Kolonis, and Conner used excessive force against him;

3. Plaintiff's claims against Defendant Cassidy are **DISMISSED**;

4. Plaintiff's request that this Court enter an Order requiring that the charges pending against him be dismissed is **DENIED** as there is no basis under the law for the Court to grant that relief;

5. The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Conner;

6. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty (20) days of entry of this order. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. *See* Fed. R. Civ. P. 4. Service on Defendant Conner shall be made pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

7. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packet, Defendant Conner will be dismissed without further notice;

8. Plaintiff's motion to appoint counsel [Doc. 48] is **DENIED**; and

9. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED:**

                                            **/s/Cynthia Richardson Wyrick**
                                            **United States Magistrate Judge**